**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SCHLUTER SYSTEMS, LP,**

**Plaintiff,**

**v.** **8:22-cv-155**

**SANVEN CORPORATION, SHANGHAI SISHUN E-COMMERCE, LTD., WILDFIRORE, LTD., VEVOR CORP., SHANGHAI SISHUN MACHINERY EQUIPMENT CO., LTD., SUBAO JIOA, BAI NIUI, DOES 1-5,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Before the Court is Defendant Sanven Corporation's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction. See dkt. # 34. Plaintiff opposes the motion and in the alternative moves for limited jurisdictional discovery. See dkt. # 37. The parties have briefed the issues, and the Court will decide the motions without oral argument.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint on February 17, 2022. See dkt. # 1. The Complaint alleged federal and state trademark claims against Defendants. Plaintiff "markets a line of tile-related products using the color orange in its flagship for marketing products themselves." Id. at ¶ 34. The products Plaintiff sells "[include] tile trims,

uncoupling membranes, floor heating systems, waterproof building panels, and shower systems." Id. Plaintiff contends that Defendants, individuals and entities based in California and China, violated Schluter's intellectual property rights by selling products that duplicated Plaintiff's distinctive orange coloring.

Plaintiff served the Defendants based in California–Sanven Corporation, Vevor Corporation, and Wildfiore Corporation–with the Complaint. See dkt. #s 8-10. Only Sanven answered. See dkt. # 14. Plaintiff then filed requests for entry of default against Vevor and Wildfiore. See dkt. #s 16-17. The Clerk entered those defaults. See dkt. #s 18-19. Plaintiff on April 21, 2022, filed an Amended Complaint that named all of the Defendants named in the original Complaint, including those against whom the Clerk had entered default. See dkt. # 21. The Clerk of Court noted that an answer to the Amended Complaint was due from Sanven, the one party served with the original Complaint, on May 5, 2022. See docket entry for April 28, 2022.

On May 13, 2022, Plaintiff filed a status report. See dkt. # 32. Plaintiff related that Plaintiff's counsel had engaged in communication with Sanven after serving the Complaint and filed an Amended Complaint. Id. Schluter and Sanven met and conferred and filed a case management plan with the Court. Id. Plaintiff stated an intention to serve Wildfiore and Vevor with the Amended Complaint, as well as the other unserved Defendants. Id. Plaintiff also reported that Schluter did not intend to file motions for default judgment against Wildfiore or Vevor, but would instead wait to act after all Defendants had been served. Id.

Sanven filed an answer to the Amended Complaint on May 2, 2022. See dkt. # 30. On May 19, 2022, Sanven filed a motion to dismiss for lack of personal jurisdiction and for forum non conveniens. See dkt. # 34. Plaintiff responded by opposing the motion and in

the alternative seeking leave to conduct limited jurisdictional discovery. See dkt. # 37.

## III. LEGAL STANDARD

### A. Personal Jurisdiction

Defendant Sanven seeks dismissal for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "In the absence of a federal statute specifically directing otherwise, and subject to the limitations imposed by the United States Constitution, we look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation." Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2015). Courts can "exercise two types of jurisdiction over a corporate defendant properly served with process." Id. First, a court can have "specific jurisdiction," which "is available when the cause of action sued upon arises out of the defendant's activities in the state." Id. Such jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity that takes place in the forum State and is therefore subject to the State's regulation." Waldman v. PLO, 835 F.3d 317, 331 (2d Cir. 2016). Second, "general" or "all purpose" jurisdiction is a means by which a court may "adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." Id. at 625. Such jurisdiction applies "only when the defendant's affiliations with the State in which the suit is brought 'are so constant and pervasive as to render [it] essentially at home in the forum State.'" Id. (quoting Daimler AG v. Bauman, 134 S.Ct. 746, 751 (2014) (internal quotations omitted). Whatever the type of jurisdiction, "the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be

consistent with ‘traditional notions of fair play and due process.’” Brown, 814 F.3d at 625 (quoting International Show Co. v. Washington, 326 U.S. 310, 316 (1945)). At the pleading stage, a plaintiff has the burden of “pleading in good faith . . . legally sufficient allegations of jurisdiction.” Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

**B. Forum Non Conveniens**

“Under the principle of *forum non conveniens*, ‘a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.’” Fasano v. Guoqing Li, 47 Fth. 91, 100 (2d Cir. 2022) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947)). The *forum non conveniens* doctrine is a flexible one: “the ‘doctrine leaves much to the discretion of the court to which plaintiff resorts.’” Id. (quoting Gilbert, 330 U.S. at 508). Courts defer to the Plaintiff’s choice of forum unless the defendant offers strong reasons to disrupt that choice, and “a court reviewing a motion to dismiss for *forum non conveniens* should begin with the assumption that the plaintiff’s choice of forum will stand unless the defendant meets” a court-defined burden. Iragorri v. United Techs. Corp., 274 F.3d 65, 71 (2d Cir. 2001)). “[I]f the balance of convenience suggests that a trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.’” Id. (quoing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 236 n. 23 (1981)). “There are three steps the *forum non conveniens* inquiry: (1) ‘determine[] the degree of deference properly accorded the plaintiff’s choice of forum’; (2) ‘consider[] whether the alternative forum proposed by the defendants is adequate to adjudicate the parties’ dispute’; and (3) ‘balance[[ the private and public interests implicated in the choice of forum.’” Celestin v. Caribbean Air Mail, Inc., 30 F.4th 133, 145 (2d Cir. 2022) (quoting Norex Petroleum Ltd. v.

Access Indus., Inc., 416 F.3d 146, 153 (2d Cri. 2005)).

## III. ANALYSIS

Defendant seeks dismissal on several grounds, which the Court will address in turn, as appropriate.

### A. Lack of Personal Jurisdiction

Defendant Senven first argues that the Court should dismiss the action against Senven for lack of personal jurisdiction. Defendant is not domiciled in New York State and thus lacks the sort of systematic and continuous contacts making Senven "essentially at home" in the State. General jurisdiction thus cannot apply to Senven in New York. New York's long-arm jurisdiction statute, N.Y. C.P.L.R. § 302, also fails to provide specific jurisdiction, Defendant asserts. Defendant argues that Plaintiff's allegations of economic activity by Senven in the State of New York do not demonstrate actual economic activity in the State and are too conclusory to permit jurisdiction. Moreover, Defendant continues, Plaintiff has not alleged any tortious activity by Senven in New York or any activity that specifically targets New York.

Plaintiff responds that Defendant's motion is untimely under the Federal Rules of Civil Procedure and should be dismissed. Even if the motion were timely, Plaintiff contends, the Amended Complaint contains allegations sufficient to demonstrate personal jurisdiction.

A discussion of certain portions of the Federal Rules of Civil Procedure is helpful to resolving this motion. Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that "[a] defendant must serve an answer (i) within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). While "[e]very defense to a claim for relief in

any pleading must be asserted in the responsive pleading if one is required," a party can assert seven different defenses "by motion[.]" FED. R. CIV. P. 12(b). Among the defenses which may be asserted by motion is "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). A motion "asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). "No defense or objection is waived by joining it in one or more other defenses or objections in a responsive pleading or in a motion." Id. In addition, "a party waives" a number defenses, including lack of personal jurisdiction, by: "failing to either: (i) make a motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h)(1)(B).

Senven's answer to the Amended Complaint contains several affirmative defenses. See dkt. # 30. The fourth of those affirmative defenses is that "[t]he Court lacks personal jurisdiction over this answering Defendant." Id. Senven filed its motion to dismiss for lack of personal jurisdiction *after* filing an answer. Under a strict reading of these rules, then, Senven's motion to dismiss was untimely. While Sanven did not waive the defense and could raise it in a motion under a rule other than Rule 12(b)(2), the rules seem to prohibit such a motion now.

Case law in this circuit appears to provide some flexibility. Courts have noted that "Fed. R. Civ. P. 12(b) requires that 'a motion making any of these defenses shall be made before pleading if a further pleading is permitted.'" Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 768 (2d Cir. 1983) (quoting Fed. R. Civ. P. 12(b)). Under those circumstances, a motion to dismiss for lack of personal jurisdiction filed after an answer is technically "untimely," though perhaps only a "minor procedural defect" that does not prohibit a court

from considering the issue if also raised in the answer. Id. A court could consider such a motion in the interests of judicial economy, particularly when the opposing party does not object on timeliness grounds. Id. Courts in this circuit have considered motions to dismiss for lack of personal jurisdiction filed after an answer when the defendant's answer offered an affirmative defense on that basis. See, e.g., Anderson v. Sullivan, No. 03cv4064, 2005 U.S. Dist. LEXIS 43273 at *4 (E.D.N.Y. May 9, 2005) ("Federal courts . . . will generally make an exception . . . and deem a Rule 12(b)(2) motion timely, if the defendant/movant's previously-filed answer expressly includes the lack of personal jurisdiction as an affirmative defense."); Allianz Ins. Co. v. Otero, No. 01CIV2598, 2003 U.S. Dist. LEXIS 1284 at *3 (S.D.N.Y. Jan. 30, 2003) (rejecting notion that 12(b)(2) motion which alleged improper service was untimely because "the Answer expressly included lack of personal jurisdiction as an affirmative defense."); Molnlycke Heath Care AB v. Dumex Med. Surgical Prods., Ltd., 64 F.Supp.2d 448, 449, n.1 (E.D.Pa. 1999) ("The court rejects plaintiff's argument that the motion is untimely. Although the defendant filed this motion after answering the complaint, that answer" included the lack of personal jurisdiction defense.).

Still, some courts in this Circuit have denied motions to dismiss for want of personal jurisdiction filed after an answer as untimely. See, e.g., Tyco Int'l, Ltd. v. Walsh, No. 02 CIV 2633, 2003 U.S. Dist. LEXIS 2670, at *4 (S.D.N.Y. Feb. 27, 2003) ("A motion based on Rule 12(b)(2) . . . is therefore untimely when it is served after the answer."); Spencer Stuart Human Res. Consultancy (Shanghi) Co. v. Am. Indus. Acquisition Corp., No. 17cv2195, 2017 U.S. Dist. LEXIS 169260 (S.D.N.Y. Oct. 12. 2017) (plaintiff's Rule 12(b)(2) "motion is untimely because it had answered prior to filing its motion to dismiss the complaint."); Sears Petroleum & Transp. Corp. v. Ice Ban Am. Inc., 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("the

Rule 12(b)(2) portion of the motion is untimely and cannot be considered because defendants filed their answer to the amended complaint prior to making this motion."); UMG Recordings, Inc. v. Frawley, 2011 U.S. Dist. LEXIS 164151 (N.D.N.Y. July 21, 2011) ("a strong argument can be made that . . . a motion to dismiss relying on the defenses listed in either Fed. R. Civ. P. 12(b)(2) or Fed. R. Civ. P. 12(b)(5) may *not* be filed post-Answer pursuant to Fed. R. Civ. P. 12(c)" but instead "may be filed only pre-Answer pursuant to Fed. R. Civ. P. 12(b) or post-Answer pursuant to Fed. R. Civ. P. 56.") (emphasis in original). Moreover, "[u]ntimely Rule 12(b) motions may only be converted to Rule 12(c) motion if they assert non-waivable defenses." Tyco Int'l, 2003 U.S. Dist. LEXIS 2670 at *4. Since lack of personal jurisdiction can be waived, a court cannot consider such motion under Rule 12(c).

The Court will deny Defendant's motion as untimely. In making this determination, the Court is guided by the law stated above, as well as the procedural history and the record in this case. The Court notes that the plain language of Rule 12 prevents the filing of Rule 12(b)(2) motion after Defendant files an answer. The Court agrees with other courts in this Circuit that have refused to consider a motion to dismiss for lack of personal jurisdiction filed after an answer. Even assuming, as some courts in this Circuit have, that the Court could consider such an untimely motion, the Court will not do so here. The Court is guided in this conclusion by the procedural history and the record of this case. Defendant has twice been served with copies of a Complaint that made very similar allegations regarding the Defendant's citizenship and alleged wrongdoing in this case. Defendant did not seek to dismiss for lack of personal jurisdiction until well after the answer deadline for the Amended Complaint, and seventeen days after answering that Amended Complaint. Moreover, only some of the parties to this case have been served with the Amended Complaint. While

Plaintiff represents that service of some Defendants who are located in China may be difficult, other Defendants are located in California and have been served before. The allegations in the Complaint indicate that the various Defendants may have a business relationship, and that some Defendants at least may have sold products that arrived in this District. The nature of those business relationships may help the Court determine whether Sanven has sufficiently availed itself of this forum to justify exercising personal jurisdiction. The Court concludes that judicial resources would best be expended by denying the motion and permitting the parties to engage in further litigation. The Court notes that Sanven has not waived its right to raise the defense of lack of personal jurisdiction at some other appropriate point in the litigation.[1]

**B. Forum Non Conveniens**

Defendant notes that the Court can decide the *forum non conveniens* issue regardless of whether the Court decides the issue of personal jurisdiction. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 425 (2007) ("[A] district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection."). Sanven argues that the proper forum for this matter is in California, where Sanven is located and where Sanven contends many of the witnesses will be found. Plaintiff argues that the Defendant's motion here is untimely for the same reason as the motion to dismiss for lack of personal jurisdiction.

For the same reasons as explained above, the Court will deny the motion as

[1]Since the Court has denied Defendant's motion, the Court will deny Plaintiff's cross-motion for leave to take limited discovery on personal jurisdiction as moot. Of course, if another Defendant appears and asserts a timely defense of lack of personal jurisdiction, Plaintiff may renew that motion.

untimely. As with the motion to dismiss for lack of jurisdiction, Sanven raised *forum non conveniens* as a defense in answering the Amended Complaint. See dkt. # 30. A party may raise "improper venue" as a defense under Federal Rule of Civil Procedure 12(b)(3). Fed. R. Civ. P. 12(b)(3). As with a personal jurisdiction motion, a party waives an improper venue motion by failing to raise the issue in a motion to dismiss or a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B). The same timeliness rules would therefore apply. Sanven has not waived the *forum non conveniens* issue with its untimely motion, and the Court will permit Sanven to raise the issue again at an appropriate time.

The Court reaches this conclusion for two reasons. First, because not all the parties have been served. A *forum non conveniens* motion considers, among other issues, the convenience of the parties. The Court has only heard from two parties. The allegations indicate a relationship between the Defendants of some sort, and dismissing the case against one of the parties because the forum is not convenient without considering the position of parties who have not yet answered could lead to piecemeal and inconsistent litigation in two different judicial districts. The Court finds that the best use of judicial resources would be to deny the motion at this time. Second, the Court notes that Plaintiff chose this forum. Plaintiff's business is headquartered in this district. Plaintiff's alleged injuries from Defendants' alleged infringement occurred in this district. Defendant's arguments to transfer rest largely on Sanven's own convenience. In light of Plaintiff's connection to this forum, the Court does not find Sanven's arguments for dismissal very strong. Failing to consider Defendant's motion, then, provides little prejudice to the Defendant.

The Court will therefore deny the motion in this respect as well.

## IV. CONCLUSION

For the reasons stated above, the Defendant Saven's motion to dismiss, dkt. # 34, is hereby **DENIED**. Plaintiff's cross-motion for leave to conduct jurisdictional discovery, dkt. # 37, is hereby **DENIED AS MOOT.**

Thomas J. McAvoy
Senior, U.S. District Judge

Dated: December 13, 2022